CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JUL 3 0 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DELMA FERNANDEZ MARTINEZ,

    Plaintiff,

v.    No. CIV-96-1390 JC/RLP

ROBERT BROCHEY,
AARON BARELA,
WILLIAM RIVERA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, pursuant to Fed.R.Civ.P. 41(b), to consider Plaintiff's failure to respond to the Court's order entered June 30, 1999, which required that Plaintiff submit a response to Defendants' *Martinez* Report. Plaintiff's copy of the order was returned undelivered, and the file shows no other address for Plaintiff. It appears that Plaintiff has been released from custody or transferred without advising the Court of her new address as required by D.N.M.LR-Civ 83.6, and has therefore severed contact with the Court. Because Plaintiff has not complied with the Court's order or local rules, I find in Plaintiff's behavior a manifest lack of interest in litigating her claims.

The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretionary authority of the Court is to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "Unless the court...otherwise specifies, a dismissal under [Rule 41(b)]...operates as an adjudication on the merits." Fed.R.Civ.P. 41(b). Certain factors must be considered before dismissing a complaint with



prejudice, including "(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992). And the Court must provide its reasoning for dismissing an action. *Dimond v. Allsup's Convenience Stores, Inc.*, Nos. 98-2043, 98-2195, 1999 U.S. App. LEXIS 11379, at *5 (10th Cir. June 4, 1999).

The first factor, prejudice to Defendants by Plaintiff's conduct, is clearly shown in the record. Defendants have actively defended this action for nearly three years, and for more than ten months Plaintiff has not filed any documents. The second and third factors, interference with the judicial process and Plaintiff's culpability are plainly demonstrated by several examples of Plaintiff's conduct in this litigation. Plaintiff asserted claims against eighty Defendants, seventy-seven of which were dismissed *sua sponte;* she filed a motion for leave to appeal the Court's order to issue summons on the remaining three Defendants; and an appeal filed by Plaintiff was recently dismissed for lack of prosecution. These examples are typical of Plaintiff's conduct requiring unnecessary expenditure of judicial resources. Fourth, as noted above, Plaintiff has severed contact with the Court, and issuing a warning of pending dismissal would be futile.

The final question hinges on the fifth factor, the efficacy of a lesser sanction than dismissal with prejudice, that is, whether Plaintiff should be allowed to reassert her claims against the remaining Defendants. For two primary reasons the answer is negative. First, as suggested above, were it not for Plaintiff's dilatory tactics, this case could have been resolved on the merits long before she severed contact with the Court. And second, from a cursory review of Defendants' *Martinez* Report it appears there is little merit in the claims which survived the Court's review of the original complaint for

frivolousness under 28 U.S.C. § 1915. Although no opinion of an ultimate substantive disposition of Plaintiff's claims is expressed or implied herein, this three-year-old file reflects no factual support for the claim that Plaintiff suffered retaliatory sex discrimination by Defendants. Based on Plaintiff's failure to comply with an order of the Court and local rules, and on consideration of all the *Jones* factors, the complaint will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED with prejudice, and the Clerk is directed to send Plaintiff's copies of this order and the accompanying order of dismissal to the last address shown in the file.

_____
UNITED STATES MAGISTRATE JUDGE